[Civ. No. 3007.   Fourth Dist.   May 19, 1942.]

EMILY F. HALL, Respondent, v. BAKERSFIELD COM-
MUNITY HOTEL CORPORATION (a Corporation),
Appellant.

Borton, Petrini, Conron & Borton for Appellant.

T. H. Werdel and Brittan & Mack for Respondent.

MARKS, J.—This is an appeal from a judgment for damages resulting from a fall down steps which lead from a hall into a banquet room in the El Tejon Hotel in Bakersfield. The hotel was owned by defendant.

It is admitted that plaintiff, who was about 92 years of age, was a guest in the hotel at the time of the accident; that she had the right of an invitee to go from the hall into the banquet room; that defendant owed her the duty of using ordinary care to maintain the premises in a reasonably safe condition so as not to cause her injury.

The banquet room was reached through a hall about 10 feet long which ran north and south. The opening into the banquet room was in the west wall of the south end of the hall. The floor of the banquet room was about one foot below the level of the floor of the hall and was reached by descending steps which consisted of two risers and one step.

Plaintiff urges numerous grounds of negligence in the construction and maintenance of the entry from the hall to the banquet room. While not conceding negligence on its part as a matter of fact, defendant has simplified our task by admitting that the evidence, while sharply conflicting, supports the implied finding of the jury that the hall, the banquet room and the steps leading down into it were not sufficiently lighted. We must, therefore, assume negligence on the part of defendant in this respect, and the absence of due care in failing to sufficiently light the way of the guest down the steps into the banquet room. It is also conceded that the steps leading into the banquet room were of hard wood and were of the same color as the floor of that room; that the steps descended immediately from the doors of the

hall into the banquet room without any platform on the banquet room side; that the opening into the banquet room was 5 feet 8 inches wide with two swinging doors; that the door on the south half opened into the hall and the door on the north half opened into the banquet room. There is evidence that the south half of the door was open at the time of the accident, and that the north door was closed but not fastened. While the evidence was conflicting on this question we will assume the truth of the testimony just outlined.

The accident happened in the afternoon of January 28, 1940. Plaintiff and her daughter expected to attend a dinner to be served in the banquet room on the evening of that day. She desired to inspect the seating arrangements so she could secure a seat as near as possible to that to be occupied by her daughter. She proceeded down the hall and turned at the door to enter the banquet room. She fell down the steps and was found on the floor of the banquet room at the bottom of the steps seriously injured. Her testimony contains the only decription in the record of her fall. The material portions of her testimony are as follows:

"Q. And did you come in through a door into a hallway? A. I came in through a door that opened—one side of the door was opened and the other side was closed, I think that was it. Q. And that was going into the banquet room? A. That was going into the banquet room. Q. Did you put your hand on either of these doors? A. I did—I put my hand . . . Q. Mrs. Hall, after you put your hand on the door, what happened? A. I fell. The door went the other way and there was no floor. I was standing on the floor, but as I was holding on the door the door went away from me and I fell head first. Q. Do you remember anything while you were falling? A. I tried to catch something, but there was not a thing there. It was just opened out. It was just a narrow place—that whole place is just a narrow place. . . . Q. Mrs. Hall, do you remember this fall yourself, from your independent recollection? A. I certainly do, because I carry the effects of it all the time. Q. But you remember the fall yourself? A. I positively remember it myself. . . . MR. PETRINI: Mrs. Hall, as I understand your testimony, you put your hand on the door, is that what you did? A. I did. Q. And did you lean on it or push on it or what? A. I think I just simply put my hands on the door to either

look in or go in. Q. And one half of the door was open, wasn't it? A. One half was open and the other half was closed. Q. Could you see inside of that room? A. No, not unless I leaned over like that, and I just wanted to see where they had the seats for people that were going to have the big places that was doing something, and I wanted to get a seat near Alma.''

Defendant urges there is no causal connection shown between its negligence and the injury of plaintiff; that there is a failure to prove proximate cause of the accident. It quotes at length from a deposition of plaintiff taken before the trial. If this deposition furnished the only evidence of the accident it would be insufficient to support the judgment as plaintiff was then so confused that she was uncertain whether the accident happened in the hotel or at some other place. However, this evidence in the deposition merely conflicted with her testimony given at the trial and bore on the weight to be given her evidence and on her credibility. The jury was not required to accept the testimony in the deposition as true, and evidently accepted, as true, her testimony given at the trial. We must then measure the argument that the proximate cause of the accident was not proven by that evidence.

The question is this: Could the jury draw the reasonable inference from the evidence of plaintiff that the negligence of defendant was the proximate cause of the injury?

In discussing inferences to be drawn from evidence the Supreme Court, in *Juchert* v. *California Water Service Co.*, 16 Cal. (2d) 500 [106 P. (2d) 886], at page 506, said:

''An inference is a deduction which the reason of the jury makes from the facts proved. (§ 1958, Code Civ. Proc.)

''The rule is not, as is sometimes contended and occasionally stated by the courts, that in order for an inference to be established by circumstantial evidence it must be the only inference which can fairly or reasonably be drawn from the circumstances relied on, or that if other inferences may reasonably be drawn from the facts in evidence, the evidence does not support the inference sought to be deduced from it.

''As stated in *Robertson* v. *Weingart*, 91 Cal. App. 715, 723 [267 Pac. 741], said principle is more applicable as a rule to guide a jury in its deliberations upon the facts, than it is a rule to guide the appellate court in passing upon the suf-

ficiency of the evidence. (*Peters* v. *McKay*, 136 Cal. 73 [68 Pac. 478].)''

*Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal. (2d) 1 [47 P. (2d) 462], at page 13, defined the duty of an appellate court in cases of this kind as follows:

"As was said in *Crawford* v. *Southern Pacific Co.*, 3 Cal. (2d) 427 [45 P. (2d) 183]:

" 'In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' ''

▪ In addition to the poor lighting, it is admitted that the steps descended immediately from the door without any platform on the banquet room side and that they were the same color as the floor. It is not shown that plaintiff had been through the doorway before. The inference reasonably may be drawn from this evidence that if the steps had been well lighted, if there had been a platform on the banquet room side of the doors upon which plaintiff could have stood, and if steps had been of a color contrasting with that of the floor, plaintiff would have seen the steps descending in front of her and would not have fallen.

Therefore, we conclude that the jury was justified in drawing the reasonable inference that the negligence of defendant was the proximate cause of plaintiff's injury. That negligence consisted of the insufficient lighting and also the improper construction and maintenance of the steps with no platform at the top and with the steps the same color as the floor so that they could not be seen easily by one using them. Either act of negligence would be sufficient to support the judgment, and combined as they must be, they justify the reasonable inference of proximate cause drawn by the jury which we cannot disturb here even though a contrary inference, if it had been drawn, also would have had to be supported on appeal.

■ Defendant urges that plaintiff was guilty of contributory negligence as a matter of law that bars her recovery. We cannot agree with this contention. Under the evidence her contributory negligence was a question of fact addressed to and settled by the jury in her favor. We cannot disturb that implied finding on appeal.

■ Defendant urges that the trial court erred in admitting evidence of plaintiff's impaired vision and hearing after the accident, arguing that such evidence was beyond the issues made by the pleadings.

The complaint alleged in detail specific injuries suffered by plaintiff, but contained no allegation of specific injury to her eyes or ears. It was alleged that her nervous system was shocked and disturbed. There was no special demurrer interposed to this allegation and it was denied for lack of information or belief. In his opening statement to the jury, counsel for plaintiff stated that he expected to prove as a part of her injuries that ''it is impossible for her to read and it is impossible for her to hear as well as it was before the accident.'' The evidence shows no direct traumatic injury to plaintiff's eyes or ears. Her physicians attribute her inability to hear and see as well as she did before the accident to the nervous shock suffered by her which comes within the allegation to which we have already referred.

■ Plaintiff called an architect who was permitted to testify that the construction of the steps was not safe. Defendant urges that this evidence was inadmissible because it invaded the province of the jury to pass on a question of fact which was within the common knowledge of the jurors and therefore not a subject for expert evidence. Plaintiff cites the case of *McStay* v. *Citizens National Trust & Savings Bank,* 5 Cal. App. (2d) 595 [43 P. (2d) 560], as upholding the admissibility of similar evidence.

However, we do not regard the question as of serious importance here. It is admitted that the steps were not properly lighted. The question of the necessity for a platform inside the doors at the top of the steps and that the steps be of a color contrasting with that of the floor to make them safe for use might well be questions within the knowledge of the jurors. If they were within the common knowledge of the jurors, the admission of the expert testimony should not be regarded as prejudicial, as was held in regard to the

testimony of one witness in *McStay* v. *Citizens National Trust & Savings Bank, supra.*

Defendant urges prejudicial error in refusing to give several instructions offered by it to the effect that the jurors could not speculate or guess as to the cause of the accident. In this connection the trial judge repeatedly instructed the jury that plaintiff had the burden of proving negligence on the part of defendant which was the proximate cause of the injury and that she could not recover without meeting that burden of proof. While one of the proposed instructions well might have been given, we cannot regard the refusal to give it so prejudicially erroneous as to require a reversal of the judgment. The instructions on burden of proof and proximate cause were so full and complete that we cannot see how the jury could have been misled by the failure to give one of the requested instructions.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.