## GILIBERTO v. YELLOW CAB CO.
### No. 9735.

United States Court of Appeals
Seventh Circuit.

Oct. 18, 1949.

John D. Pope, Richard E. Keogh, and Herbert H. Kennedy, Chicago, Ill. (S. G. Evans, Moses, Bachrach & Kennedy, Chicago, Ill., of counsel), for appellant.

James A. Dooley, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

On January 20, 1947, plaintiff was injured when she fell down a stairway located in the garage of defendant at 4959 West Lake Street, Chicago. The instant action was brought to recover damages for the injuries thus sustained. Following a jury trial, judgment was rendered in favor of plaintiff, from which defendant appeals.

The sole errors relied upon for reversal arise out of the refusal of the trial court to grant defendant's motion for a directed verdict (a) at the close of plaintiff's evidence and (b) at the close of all the evidence; the failure of the court to grant defendant's motion for judgment non obstante veredicto, and the action of the court in entering the judgment on the verdict, as

well as denying defendant's alternative motion for a new trial. As a basis for the errors ascribed to the court below, two contentions are made, (1) that evidence of defendant's negligence was not sufficient to take the case to the jury, and (2) that plaintiff was guilty of contributory negligence as a matter of law.

The issues thus presented require a statement concerning the manner in which plaintiff received the injuries complained of. Defendant, engaged in the transportation of passengers for hire, occupied as a garage a building located at the southeast corner of the intersection of Lake Street, extending east and west, and Lavergne Avenue, extending north and south, in the city of Chicago, Illinois. Thus, the north end of the garage building faces on Lake Street and the west side on Lavergne Avenue. It appears that the entrance to the building used by members of the public desiring to hire or rent cabs from the defendant was on the west side of the building, or on Lavergne Avenue. On this side were two driveways used for the purpose of ingress and egress by taxicabs. North of the driveways were two doors, about fifteen feet apart, each of the same size and same general appearance, except the south door had glass in its upper part. These doors were in a wall flush with the street, each had the same type of handle and each was unlocked on the occasion of the accident in question. The south door furnished the entrance to the interior of the garage through which members of the public were invited to enter when desiring a cab. The north door furnished the entrance to a concrete stairway composed of ten or eleven steps and led to the boiler room below the street level. The first step was two to two and one-half feet from the wall of the building. As indicated by a photograph in the record, the door when opened extended some distance beyond the first step.

On the night of the accident, between 7:30 and 8 p. m., plaintiff went to the garage for the purpose of hiring a taxicab. She was accompanied by three other persons and they all walked north on the east side of Lavergne Avenue toward Lake Street, with plaintiff preceding the other three persons. Plaintiff for three and one-half years prior to the accident had lived in the neighborhood of defendant's garage and had knowledge that people entered it through a door on Lavergne Avenue, although she had never before been in the garage. The night was dark and cold and there was snow on the ground. Walking north, she first passed the south or office door, and no light of any kind shown therefrom. When she came to the north door, she opened it, took one step and fell down the stairway. This door, like the other, was unlocked and required only a turn of the knob to open.

This statement may be somewhat favorable to the plaintiff, although there is no dispute of any consequence as to the manner in which the accident occurred. More than that, we need not cite authority for the well recognized proposition that on a motion for a directed verdict, the evidence must be considered in the light most favorable to the plaintiff, together with all reasonable inferences and deductions which may be drawn therefrom.

That the evidence was sufficient to justify a jury in finding defendant guilty of negligence is hardly open to question. In fact, the defendant in its brief and argument makes no serious contention to the contrary. Permitting two doors of the same size and general appearance to remain unlocked, through one of which it invited the public to enter for the purpose of transacting business with it, without any sign or notice to indicate which was the proper door to enter, and with the other door opening into a place of immediate danger, was, in our judgment, negligence, at least sufficient to go to the jury in an action by a person who was injured by entering the wrong door.

A more serious question arises from defendant's contention that plaintiff is barred from recovery because of contributory negligence or, in other words, was guilty of such negligence as a matter of law. Many cases are cited by the defendant, both from Illinois and other jurisdictions, in support of its contention in this respect. A number of cases are also relied upon by the plaintiff in support of her contention that the

question of contributory negligence was one for the jury. A discussion of these numerous cases would unduly prolong this opinion and in the end would be of little benefit. In the main, the cases do not differ as to the applicable rule of law, but opposite results have been reached because of different factual situations.

■ That the question of contributory negligence is usually one for the jury is the rule in Illinois as well as in all jurisdictions with which we are familiar. As is aptly stated in Blumb v. Getz, 366 Ill. 273, 277, 8 N.E.2d 620, 622: "The question of contributory negligence is one which is pre-eminently a fact for the consideration of a jury. It cannot be defined in exact terms, and unless it can be said that the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of a jury which is provided for the purpose of deciding this as well as the other questions in the case."

A corollary rule equally well established in Illinois and other jurisdictions is stated in Mueller v. Phelps, 252 Ill. 630, 634, 97 N.E. 228, 230:

"It only becomes one of law for this court when the undisputed evidence is so conclusive that it is clearly seen that the accident resulted from the negligence of the party injured, and could have been avoided by the use of reasonable precaution. Beidler v. Branshaw, 200 Ill. 425, 65 N.E. 1036. Where reasonable men, acting within the limits prescribed by law, might reach different conclusions, or different inferences could reasonably be drawn from the admitted or established facts, the question of contributory negligence is for the jury."

So in the instant matter a court as a prerequisite to substituting its judgment for that of the jury must believe that reasonable men would all reach the conclusion that plaintiff under the circumstances shown could have avoided the accident by the use of reasonable precaution. The main argument of defendant is that plaintiff was negligent in opening the door into a dark hallway or passageway and proceeding to enter. We do not think that any negligence can be attributed to plaintiff from the fact that she opened the door under the circumstances here related. If there was negligence on her part, it must reside in the fact that when she opened the door and discovered the darkness inside, the exercise of proper precaution for her own safety would have caused her to halt in her forward advancement at a point prior to the first step of the stairway. This would appear to be a logical theory if she had been required to take several steps before reaching the first step of the stairway, but such was not the situation. As already noted, the wall of the building in which the door was located was flush with the street sidewalk. While the record does not show the distance between the outer wall of the door and the sidewalk, it could not have been more than a few inches. From the inside of the door to the first step of the stairway, it was two to two and one-half feet. Thus, from the sidewalk outside the door to the first step of the stairway it was only two feet plus a few inches, or two and one-half feet plus a few inches.

■ Plaintiff stated that when she opened the door she took one step and fell down the stairway. As already noted, the door when opened extended beyond the first step of the stairway. The reasonable inference from the situation is that plaintiff when the door opened, with one hand on the knob placed one foot in the doorway, and that the next step or advancement of the other foot took her to the first step of the stairway and she fell. It may be reasonably inferred, so we think, that the opening of the door, the step from the street into the doorway and the next step into the stairway were for all practical purposes simultaneous acts. Another reasonable inference, so we think, is that plaintiff in opening the door held onto the knob until the door swung back or completely opened. If so, this would have taken her inside a distance as far as the first step of the stairway because the edge of the door when opened extended beyond this step. It thus seems probable that the distance traveled by the plaintiff after she opened the door was so short and the time involved

of such brevity that it cannot reasonably be said that she was as a matter of law guilty of negligence in failing to halt her movement short of the place of danger.

At any rate, we think the question of contributory negligence was one for the jury and that the court properly refused to direct a verdict in favor of the defendant. The judgment is

Affirmed.