EILEEN KILLEEN, Plaintiff-Appellant, v. R. W. DUNTEMAN COMPANY, Defendant.—(YORKTOWN CENTER, INC., Defendant-Appellee.)

First District (3rd Division)   No. 78-1315

Opinion filed September 26, 1979.—Modified on denial of rehearing December 5, 1979.

474

Robert L. Caplan, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, James T. Keating, and Thomas H. Ryerson, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Eileen Killeen, brought this action against defendants, R. W. Dunteman Company and Yorktown Center, Inc., both Illinois corporations, for damages resulting when she fell in the Yorktown parking lot. Yorktown filed a motion for summary judgment and, on January 23, 1978, the trial court granted summary judgment in Yorktown's favor. Dunteman remains as a defendant in the trial court. The pertinent facts established by the pleadings and plaintiff's deposition testimony follow.

Yorktown is a shopping center. At the time of the occurrence, Dunteman was resurfacing the Yorktown parking lot area. Plaintiff was an employee of one of the stores located in Yorktown.

Plaintiff's complaint alleged that on September 29, 1974, she was a business invitee at the Yorktown parking lot. She stepped on an uneven surface which caused her to lose her balance. She fell and was injured. In her complaint, plaintiff charged Yorktown with several acts of negligence.

Plaintiff's deposition testimony revealed that she drove to her job at Yorktown on the day of the occurrence as she had each day since her employment began, 16 days earlier. Instead of parking in an area designated for employees, plaintiff parked near her employer's entrance. She did so because her daughter and a friend had come with her, and they would be driving the automobile away after a short shopping visit. Plaintiff emerged from the vehicle on the driver's side and began to walk toward its rear. She noticed nothing unusual about the pavement surface, but felt it was uneven. She did not look at the surface, but lost her balance on a depression in the pavement and fell.

Plaintiff further testified that she was aware of the uneven surface of all areas of the parking lot for over two weeks before her injury. She had noticed depressions and cracks in the pavement from the time she began working at Yorktown. There were holes all over the parking lot. Plaintiff also stated that if she had watched where she was walking, she would have avoided the depression in the pavement over which she tripped. Plaintiff had a full view of the parking lot area, and nothing obstructed her vision. She further testified that she was walking and looking at the ground when she tripped.

After taking plaintiff's deposition, Yorktown made a motion for summary judgment. Yorktown based its request on plaintiff's deposition testimony, urging that it had breached no duty owed to plaintiff and that plaintiff was guilty of contributory negligence as a matter of law. After considering the pleadings, plaintiff's deposition testimony, and hearing argument of counsel, the court granted Yorktown's motion. Plaintiff appeals.

■■ Summary judgment is appropriate where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3).) In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 243 N.E.2d 40.) Inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts, then a triable issue exists. (*McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 328 N.E.2d 679.) The right of a party to summary judgment must be clear and free from doubt. (*Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56, 324 N.E.2d 444.) Applying the foregoing principles and criteria to the present case, we believe the trial court correctly granted summary judgment in favor of Yorktown.

■ It is so fundamental as not to require citation of authority that contributory negligence on the part of a plaintiff precludes any recovery in a tort action. Although the issue of contributory negligence is usually a question for the jury, where there is no genuine issue of material fact, the issue may be decided on summary judgment. (*Oglesbee v. Nathan* (1973), 14 Ill. App. 3d 609, 302 N.E.2d 483.) To be guilty of contributory negligence as a matter of law, however, it must appear from the undisputed facts that "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.

██ In the present case, plaintiff's own testimony establishes that she failed to exercise ordinary care for her own safety. She stated that she was aware of the condition of the parking lot surface. It was uneven, and she noticed depressions, cracks, and holes all over the lot. While she stated that she noticed nothing unusual about the pavement surface when she emerged from her automobile, she also testified that she was looking at the ground as she walked. Nevertheless, she stepped into a depression, tripped and fell. Plaintiff did not testify that she was distracted. Under the *Pedrick* standard, plaintiff failed to exercise ordinary care for her own safety and was guilty of contributory negligence as a matter of law.

In view of our holding as to contributory negligence, it is unnecessary to consider the other basis for the trial court's grant of summary judgment: that Yorktown as a landowner was not liable to the plaintiff invitee for a peril on the land which was open and obvious.

For the reasons stated, the judgment of the circuit court of Cook County granting summary judgment to Yorktown is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.