ALICE DUFFY, Plaintiff-Appellant, *v.* MIDLOTHIAN COUNTRY CLUB *et al.*, Defendants-Appellees.

First District (5th Division)    No. 79-1400

Opinion filed December 24, 1980.

194

Donald E. Barliant, of Yaffe, Mark, Barliant & Ganellen, of Chicago, for appellant.

Richard H. Hoffman and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals from an order granting Midlothian Country Club and Western Golf Association (defendants) motion for summary judgment. On appeal, she contends that (1) the trial court erred in granting summary judgment; (2) the issue of proximate cause of her injuries is one for the jury; and (3) defendants, as a matter of law, are barred from asserting the defense of assumption of risk. We reverse and remand. The pertinent facts follow.

On the morning of June 29, 1973, plaintiff, her son, his friend, and his friend's mother, Audrey Carlson, went to the 1973 Western Golf Association's "Western Open" golf tournament, held at the Midlothian Country Club. This was her first tournament, and she and her party arrived at the club between 9 and 10 a.m. to purchase tickets. Plaintiff and Carlson went to the first tee to watch Arnold Palmer tee off and the boys went off on their own.

After Palmer hit his ball, she and Carlson walked towards the first green. The first fairway ran parallel to the 18th fairway, and they walked

between these two fairways, which were roped off. She and Carlson stopped at a concession stand, which was set up between the two fairways, to purchase something to eat. Plaintiff stated that she was watching an unidentified golfer line up a shot toward the first hole, when she was struck. Neither she nor Carlson heard anyone shout "fore" or any other warning before she was hit. The ball was hit from the 18th tee by Dow Finsterwald, also a defendant in this action. Plaintiff has indicated in her deposition that she has lost all sight in her right eye and wears a prosthetic shell over the eye for cosmetic purposes. Plaintiff's deposition further indicated that she was also aware that the area in which she was standing at the time of the incident was located between two fairways.

Plaintiff's complaint alleged that defendants were guilty of one or more of the following acts of negligence:

"(a) Failed to give the plaintiff timely warning of the approaching ball, although they knew or should have known that the Plaintiff was in a place of danger and was likely to be struck by the ball.

(b) Failed to restrict Plaintiff from an area which they knew or should have known was a place of danger.

(c) Failed to provide individuals trained in crowd control and in prevention of injury to spectators.

(d) Failed to provide unobstructed views to the playing area at the location where Plaintiff was standing.

(e) Failed to warn the Plaintiff of the dangerous conditions existing at the location where she was standing."

A further allegation in the complaint stated that "the Defendant MID-LOTHIAN COUNTRY CLUB, failed to exercise due care in the design of the golf course at the location [where Plaintiff] was standing."

Defendants filed a motion for summary judgment on the ground that plaintiff did not have sufficient evidence to support a case of negligence since she did not have sufficient knowledge of the circumstances of the accident. They also asserted that plaintiff assumed the risk and was therefore barred from recovering, in that she was an experienced golfer and had knowledge of, and appreciated the danger of being struck by a golf ball while present on a golf course.

This motion was supported by excerpts from plaintiff's deposition which indicated that she did not know where Finsterwald was at the time of the accident; that at that time she did not know whose ball hit her, nor did she see the ball come toward her. Further, that the ball came from the area between the 10th and 11th fairways (later identified as the eighteenth) and there were no signs which told spectators that they were restricted in certain areas on the grounds. The deposition also stated that plaintiff did see ropes on each side of the concession tent; that she didn't know whether the 18th tee was in her line of vision and that there were

some trees in the fairways, but she didn't know their height; neither did she know the distance between the two fairways or how close to the ropes she was at the time of the accident.

Plaintiff's experience as a golfer consisted of playing a nine-hole course in a company league before she was married, and until the time of her injury, she played golf an average of twice a week with friends, or her husband. Plaintiff stated in her deposition that her best score for nine holes was 51 and that she has hit a ball which went other than where she intended.

Plaintiff filed a "Response to Motion for Summary Judgment" and a "Further Response to Motion for Summary Judgment," where it was asserted that there existed genuine issues of material fact and that she did not assume the risk of the occurrence. She supported these responses with excerpts of her deposition, the affidavit of Timothy Mahoney, a member of Midlothian Country Club, portions of Carlson's deposition, and a portion of a sketch of the club's golf course showing the location of the occurrence. Defendants were also ordered to file the transcript of the deposition that they had taken of Mahoney.

The affidavit of Mahoney submitted by plaintiff indicated that he was a member of the Midlothian Country Club and had played golf for 35 years. He won the 1973 Western Open Pro-Am Tournament held in conjunction with the Western Open, and he attended the 1973 Western Open. Mahoney indicated that he was aware of the club's preparations for the tournament. He stated that concession stands were placed in areas in which balls had regularly landed in the past, and that the fairways were so close together that the spectators located between the fairways are within range of balls likely to be hit by golfers. He further stated that the spectators would not be able to see the player hitting the ball as the shrubbery and hills interfered with visibility. Mahoney's deposition taken by defendants indicated that in 1973 he was playing golf five times a week and served on the Golf Committee for the club in 1973, although he had no role in the preparations for the 1973 Western Open. He attended all four days of the tournament. He did not know plaintiff nor did he see her get hit by the ball. It was his opinion that the club was not as well suited as other golf courses for a professional tournament and that it did not have any open spaces for concessions and other auxiliary events incidental to a tournament. He also noted that Western Golf Association decided where the ropes would be placed and whether the fairways would be narrowed or widened.

The trial court granted the motion for summary judgment finding the case of *Campion v. Chicago Landscape Co.* (1938), 295 Ill. App. 225, 14 N.E.2d 879, controlling on the question of proximate cause.

OPINION

Plaintiff initially asserts that the pleadings, depositions, affidavit and exhibit clearly show that there are issues of material fact which preclude the granting of a summary judgment. We agree.

Summary judgment is proper only if the pleadings, depositions, affidavits, and other documents show that the movant is entitled to it as a matter of law (*Yakupcin v. Baker* (1980), 83 Ill. App. 3d 624, 404 N.E.2d 869; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16) as it is a drastic remedy of disposing of litigation and should be granted only when the right of the movant thereto is clear and free from doubt (*Yakupcin; Hillblom v. Ivancsits* (1979), 76 Ill. App. 3d 306, 395 N.E.2d 119). If a genuine issue as to a material fact exists, summary judgment is improper, and the opponent may rely upon reasonable inferences drawn from the materials considered on the motion in the determination of whether a genuine issue of material fact exists. *Yakupcin*.

■■ In support of the judgment, defendant's position is that the pleadings, affidavits and other documents establish beyond a doubt that it violated no duty to plaintiff. To establish a case of negligence, plaintiff must demonstrate that a duty was owed to her by defendants; that there was a breach of that duty; and that an injury proximately resulted from that breach. (*Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423.) The owner of a business premises has a duty to the invitee to exercise ordinary care in the use and maintenance of his property (*McCann; Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865.) More specifically the owner has a duty to discover dangerous conditions existing on the premises and to give sufficient warning to the invitee to enable him to avoid harm. *Chapman*; see Restatement (Second) of Torts §343 (1965).

Plaintiff has submitted evidence which indicates a genuine issue as to a material fact exists. She alleges in her pleadings, which are supported by depositions, affidavits and other documents, that she was a business invitee to whom defendants owed a duty as owners and operators of the golf course or tournament. This duty was allegedly breached when defendants failed to warn her of the dangerous condition existing on the premises. According to Mahoney's statements it was not possible to see the ball approaching in that area. It was his opinion that the concession stand was placed in an area where balls had been hit daily in the past, and therefore, the concession should not have been placed between the two parallel fairways because of the danger to spectators. The two women at all times were standing in an area roped off for spectators and had an expectation of safety in such an area. Trial courts must construe the record strictly against the moving party and liberally in favor of the

opponent of the motion. *McCann; Killeen v. R. W. Dunteman Co.* (1979), 78 Ill. App. 3d 473, 397 N.E.2d 436.

■■ As previously discussed, the duty owed to a business invitee is one of ordinary and reasonable care. That standard is a variable one, and whether the standard of care required in a given case has been exercised is ordinarily a question of fact for the jury. (*Sepesy v. Fuller* (1978), 59 Ill. App. 3d 56, 375 N.E.2d 180.) We conclude that the trial court erred in granting defendants' motion for summary judgment and a material question of fact exists as to whether defendants fulfilled their duty to plaintiff.

Plaintiff next argues that the question of whether or not defendants' negligent acts were the proximate cause of her injuries is one for the jury. The trial court relied on the case of *Campion v. Chicago Landscape Co.* (1938), 295 Ill. App. 225, 14 N.E.2d 879, as controlling on the question of proximate cause. Campion brought suit for injuries sustained when he was struck in the eye by a ball while playing golf on a course operated at the time under a concession by defendant. He maintained the fairways were too close to each other; that a player was unduly exposed to danger by a ball driven by another player. The court held that defendant in the exercise of reasonable diligence was not required to anticipate the consequence of another golfer's drive. *Campion* must, however, be distinguished from the instant case. First, Campion was another golfer, not a spectator like plaintiff. Second, the trial court had received all the evidence before denying defendant's motion for a directed verdict. Lastly, the trial court improperly refused defendant's offer of proof that no accidents had previously occurred on the golf course; thus there was no knowledge of any existing dangerous condition. In the instant case the affidavit of Mahoney indicated that balls had regularly landed in the concession area in the past.

■■ Subsequent decisions support the reasoning of Restatement (Second) of Torts §344 (1965), which states that a landowner may be liable to invitees for physical harm caused by third persons, and by the failure of the possessor to exercise reasonable care. See *Maytnier v. Rush* (1967), 80 Ill. App. 2d 336, 225 N.E.2d 83 (plaintiff sued the ball club for injuries sustained from a wild pitch while a spectator at Wrigley Field), and *McRoberts v. Maxwell* (1976), 40 Ill. App. 3d 766, 353 N.E.2d 159 (plaintiff sued the course operator alleging negligence in the construction and operation of the course. The appellate court there reversed an order granting defendant's motion to strike for failure to state a cause of action indicating *Campion* was not on point).

■■ It is defendants' position that at best their acts or omissions only furnished a condition which made plaintiff's injury possible; the proximate cause of her injury was due to the negligence of a third person; a foreseeable consequence at a golf course. They argue that Mahoney's

affidavit was insufficient under Supreme Court Rule 191(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 191(a)) in that he had no personal knowledge of the preparations for the 1973 Western Open. We point out that in *Kearns v. Board of Education* (1979), 73 Ill. App. 3d 907, 392 N.E.2d 148, we stated that the sufficiency of an affidavit must be tested by a motion to strike the affidavit (or by a motion to strike the motion for summary judgment setting forth the objections to the affidavit). The sufficiency of an affidavit cannot be challenged for the first time on appeal. Defendants did not do this, thus they now cannot challenge the sufficiency of Mahoney's affidavit.

■■ As to defendants' argument that the proximate cause of plaintiff's injury was due to the negligence of a third person, we point out that our supreme court has stated that a foreseeable intervening force does not break the chain of legal causation. Proximate cause is ordinarily a jury question. (*Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203; *Millette v. Radosta* (1980), 84 Ill. App. 3d 5, 404 N.E.2d 823.) Therefore, summary judgment is inappropriate here, when we view the evidence in its aspect most favorable to plaintiff, as a jury could decide defendants were negligent in placing the concession stand in the area between the two fairways and it was foreseeable that balls would hit spectators there. We limit our holding, however, to the sufficiency of the pleadings supported by other documents and do not express an opinion on the merits.

Plaintiff lastly contends that she did not assume the risk as a matter of law. Defendants, in support of their motion, relied on *Campion v. Chicago Landscape Co.* (1938), 295 Ill. App. 225, 14 N.E.2d 879, which held that the doctrine of assumed risk was not limited to the relation of master and servant.

We note that in *Jolley v. Chicago Thoroughbred Enterprises, Inc.* (N.D. Ill. 1967), 275 F. Supp. 325, the district court analyzed appellate decisions in Illinois since *Campion* and concluded that the dicta in that case has not been treated favorably subsequently. See *Maytnier v. Rush* (1967), 80 Ill. App. 2d 336, 225 N.E.2d 83, where the court stated that the ruling in *Campion* must be afforded little weight as its holding was obiter dictum. The court in *Maytnier*, however, further stated that the doctrine's underlying premise is appreciation of the danger itself, not mere knowledge of a defect or condition by which danger is created, *thereby necessarily raising a question of fact for the jury*. 80 Ill. App. 2d 336, 351, 225 N.E.2d 83, 91.

Similarly, in *Barrett v. Fritz* (1969), 42 Ill. 2d 529, 248 N.E.2d 111, our supreme court stated that "We find persuasive the more recent decisions of other States where the courts have not only rejected any expansion of the concept [of assumption of risk], but even overruled cases applying

assumption of risk to negligence cases." (42 Ill. 2d 529, 536, 248 N.E.2d 111, 115.) In *Barrett*, plaintiff sued for injuries sustained on a golf course when struck by a ball hit by another player. The particular issue involved was whether this defense was available in a negligence action where there was no employment or *contractual* relationship between the parties. The court had to make a determination of whether to change the Illinois rule and extend the doctrine of assumption of risk to all negligence cases rather than continue its restriction to employment and contractual relationship cases.

The reasoning in both *Maytnier* and *Barrett* indicates that where there is a contractual relationship existing between the parties, as we have in the pending negligence action, assumption of risk as a defense may be applicable. It appears that this defense is a factual determination for the jury and defendants in raising this defense here must prove that plaintiff appreciated the danger of being struck by a golf ball while in a presumed area of safety. Our holding here is consistent with both *Maytnier* and *Barrett*, and we are not extending the doctrine of assumption of risk to all negligence cases.

For the foregoing reasons, we conclude that the factual determinations to be made in this case make summary judgment inappropriate. Therefore, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.