CANDY ALLGAUER, Plaintiff-Appellant, *v.* LE BASTILLE, INC., Defendant-Appellee.

First District (4th Division)    No. 80-3023

Opinion filed November 19, 1981.

James A. Brandvik, Lowell H. Jacobson, and Craig E. Anderson, all of Jacobson and Brandvik, of Chicago, for appellant.

Glen E. Amundsen and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Plaintiff filed suit for injuries sustained after she fell down a stairway when leaving defendant's restaurant after dinner. The trial court granted summary judgment for the defendant.

We reverse and remand for a trial on the merits.

Le Bastille Restaurant is located on the north side of Chicago in a building owned by the defendant Le Bastille, Inc. The evidence discloses that on May 3, 1974, the plaintiff, Candy Allgauer, went there as a patron to dine along with her husband and two friends. To go up to the restaurant, she entered through an outside door, climbed a stairway and passed through another door into the restaurant itself. After dinner the four prepared to leave the restaurant. Plaintiff's husband opened the door at the top of the stairs. She walked through, expecting there to be a landing. Instead there was a step. She fell to the bottom of the stairway and broke her arm. In her deposition, she stated that she knew of nothing

on the stairs that would cause her to trip; that she did not recall any stair being in disrepair and she did not remember any debris being on the stairs. There was no contention the lighting was defective. She stated that she had expected to walk out and then walk downstairs and "I walked and instead of walking onto a level surface, I went down the stairs." She also stated the stairs seemed narrow. In an affidavit filed in opposition to the defendant's motion for summary judgment, Beth Prince, one of the two friends who had been with plaintiff at the time of the fall stated that the doors opened onto the stairway and blocked one's view of the stairway until they were swung open. At this point there was no vestibule preceding the steps; the steps were immediately in front of one. The steps were very steep and the tread on each stair was narrow. The plaintiff, in opposition to the motion for summary judgment, also presented the evidence of certain ordinances requiring vestibules, and requiring the tread on a stairway to be at least 10 inches wide. Defendant refuted these last contentions by pointing out, accurately, that the ordinance requiring vestibules was inapplicable to interior stairs and there was no evidence that the tread on the stairs was less than 10 inches wide.

The defendant had moved for summary judgment contending that:

1. plaintiff had stated she had no knowledge of what condition or instrumentality caused her to fall and liability could not be based on conjecture;

2. the crux of plaintiff's claim was that she anticipated a landing which was not there; and although she said the tread seemed narrow, she also said she knew nothing about the stair which would cause her to fall. (This was not accurate; she only said she knew of nothing *on* the stair which would cause her to fall);

3. the defendant could not be held liable for failing to foresee that plaintiff would anticipate a level landing; rather plaintiff's account raised the inference of contributory negligence in failing to watch where she was stepping. The trial judge granted the motion, apparently finding that plaintiff, having already used the stairs to enter the restaurant, knew of their condition.

■■ As this court recently ruled in *Kimbrough v. Jewel Companies, Inc.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328, a plaintiff cannot recover where there is no evidence as to why she fell and that the condition was caused by the defendant. However, we disagree with defendant's contention that plaintiff in this case cannot say what aspect of the stairs or adjacent premises under defendant's control caused her to trip or fall. It is true that plaintiff has not contended that there was debris on the stair, that the lighting was defective, or that the stairs or carpeting were defective. But plaintiff has clearly stated that what caused her to fall was the unex-

pected dropoff. Her evidence, construed most favorably to her, tends to show that she fell because she stepped down a stair where a landing was expected, that the absence of a landing was concealed by a door which opened out onto the stair, that the stair was steep and narrow and no warning was given of this dangerous condition.

■■ The owner of business premises has a common-law duty to an invitee to exercise ordinary care and maintenance of his property (*Duffy v. Midlothian Country Club* (1980), 92 Ill. App. 3d 193, 415 N.E.2d 1099), and to prevent injury to those entering the premises. (*Kylavos v. Polichrones* (1942), 316 Ill. App. 444, 45 N.E.2d 99 (abstract).) The defendant owed plaintiff the duty to exercise ordinary care to have the premises in a reasonably safe condition to use in a manner consistent with the invitation, or at least not to lead her into a dangerous trap, or expose her to an unreasonable risk. (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47; *Mock v. Sears, Roebuck and Co.* (1981), 101 Ill. App. 3d 103, 427 N.E.2d 872.) It owed a duty to discover dangerous conditions existing on the premises and to give sufficient warning to plaintiff to enable her to avoid injury. (*Perminas v. Montgomery Ward & Co.* (1975), 60 Ill. 2d 469, 328 N.E.2d 290; *Duffy v. Midlothian Country Club* (1980), 92 Ill. App. 3d 193, 415 N.E.2d 1099; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; *Hutter v. Badalamenti* (1977), 47 Ill. App. 3d 561, 362 N.E.2d 114.) A concealed stairway may be a trap or pitfall where no warning is given. (*May v. Hexter* (Mo. App. 1950), 226 S.W.2d 383.) A steep staircase without any landing or with one beginning before the end of the edge of the door when it is opened onto the stair may be found to be dangerous. (*Skidd v. Quattrochi* (1939), 304 Mass. 438, 23 N.E.2d 1009; *Giliberto v. Yellow Cab Co.* (7th Cir. 1949), 177 F.2d 237.) Likewise, an owner or occupier may be negligent where a step is masked in some way so a person might not notice it before stepping on it. *Boyle v. Simon* (8th Cir. 1977), 558 F.2d 896; *Hall v. Bakersfield Community Hotel Corp.* (1942), 52 Cal. App. 2d 158, 125 P.2d 889.

■■ A jury here could find that the absence of a landing or the steepness of the stairs rendered them hazardous. If it did so determine, it could also find that the defendant had a duty to correct the danger or warn plaintiff of it, neither of which it did. A landowner or occupier has a duty to give proper warning of hidden dangers. An invitee may assume others have done their duty to give proper warning of hidden dangers and apart from obvious dangers can assume the premises are reasonably safe. (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47; *Mock v. Sears, Roebuck and Co.* (1981), 101 Ill. App. 3d 103, 427 N.E.2d 872.) Here the danger was hidden by the door until it was opened, and the fact that the stair could be seen for the split second plaintiff was placing

her foot on it does not necessarily remove it from the realm of hidden dangers.

Defendant's contention is that when climbing the stairs plaintiff should have realized that although they were not dangerous to ascend they might be dangerous to descend. Then, having realized this, plaintiff should have remembered that danger some two hours later when leaving the restaurant. Defendant also contends that when leaving the restaurant plaintiff should have stopped and looked at the stairs before she walked through when her husband opened the door. But these contentions do not go to the issue of whether the defendant was required to give warning of the danger. Rather, they concern whether the plaintiff was guilty of contributory negligence.[1]

■■ Even if plaintiff was aware of the defective condition, her failure to look at the area would not necessarily constitute contributory negligence as a matter of law. (*Kuhn v. General Parking Corp.* (1981), 98 Ill. App. 3d 570, 424 N.E.2d 941.) A person may have a general knowledge of a source of danger prior to injury and still not be negligent where his attention was distracted. (*Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.) A reasonable instance of momentary forgetfulness is not negligence as a matter of law. (*Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.) Furthermore, a jury could reasonably find that plaintiff's observations when climbing the stairs would not necessarily put her on notice of any special dangers when descending since the danger of a sudden step is not present to one ascending the stairs.

Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.

---

[1] Since the decision was rendered before June 8, 1981 contributory, not comparative, negligence was an issue. On remand, however, the plaintiff may proceed upon a comparative negligence theory of recovery. *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886; *Gardner v. Geraghty* (1981), 98 Ill. App. 3d 10, 423 N.E.2d 1321.