ROBERT BAINTER, Plaintiff-Appellant, *v.* LAMOINE LP GAS Co., Defendant-Appellee.

(No. 74-207;

Third District—December 31, 1974.

Stuart, Neagle & West, of Galesburg (Roger Williamson, of counsel), for appellant.

Berry, Leighty & Simshauser, of Macomb, (John V. Simshauser, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by plaintiff, Robert Bainter, from the order of the Circuit Court of McDonough County entering a directed verdict in favor of the defendant, Lamoine LP Gas Co., at the close of all the evidence. The action was brought to recover damages caused by an alleged defect in a gas tank used by defendant to supply liquid propane gas to plaintiff.

There is no substantial dispute as to the basic facts in this case. In 1969 defendant installed a liquid-propane gas tank on the farm premises of the plaintiff. Plaintiff used the gas in his tractors. Defendant retained ownership of the tank and would refill it upon plaintiff's request. The filler hose was furnished by plaintiff but everything else attached to the tank was furnished by Lamoine. The responsibility for repairs was Lamoine's, but prior to the date of the occurrence, May 24, 1972, the tank had not been repaired, altered or moved. The tank was equipped with an emergency pressure-relief valve in order to automatically shut off the flow of gas in event the flow pressure became too great. In order to fill a tractor tank with liquid-propane gas, it is necessary to bleed off from it the gas vapor which has accumulated. Plaintiff, Robert Bainter, while attempting to fill his tractor with gas from defendant's tank on May 24, 1972, bled off vapor which while being bled off ignited. The fire burned through the hose connecting the liquid-propane gas tank to the tractor tank. Burning gas spewed over plaintiff's premises, destroying two tractors and a tool shed and its contents.

Plaintiff's theory was based on the premise that when the fire burned through the hose connecting the liquid-propane gas tank to the tractor

tank, at that point the pressure of escaping liquid gas should have activated the emergency pressure-relief valve, thereby automatically shutting off fuel to the fire. His complaint is based on a product-liability theory in that he alleged that defendant was engaged in the business of selling LP gas and had installed the tank on plaintiff's premises for the purpose of selling him gas, that the tank was unreasonably dangerous for the reason that the emergency pressure-relief valve failed to operate, and that such failure was the proximate cause of the destruction of plaintiff's property by fire. Defendant denied that the tank was defective and that any claimed defect was the proximate cause of the damages.

Defendant's main argument on appeal is that it was not "in the business" of furnishing tanks. This is based on the premise that in order to apply the strict-liability rule to a case such as the one at bar concerning an alleged defect in the tank rather than in the gas itself, it would be necessary to show that the defendant was "in the business of furnishing such storage tanks." Defendant also questions whether the record is sufficient to show a defect in the pressure-relief valve or the tank and whether such a defect was the proximate cause of the damages claimed.

■■ The general rule of strict liability in tort in this jurisdiction is stated in *Suvada v. White Motor Co.,* 32 Ill.2d 612, 623, 210 N.E.2d 182. The rule is "[t]he plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." The court cited section 402A of the American Law Institute's revised *Restatement (Second) of the Law of Torts,* approved in May 1964, which contains the requirement that the seller be engaged in the business of selling such a product. Plaintiff concedes in his brief that the record does not indicate that defendant as a general practice furnished gas tanks to customers who purchased gas from it. For the sake of resolving the basic issue we shall proceed on the assumption that defendant was not in the business of furnishing storage tanks. The issue then is whether the rule of strict liability in tort is applicable to one who is in the business of selling gas and not the storage tank where a defect in such storage tank was an unreasonably dangerous one, existed at the time it left defendant's control and was the proximate cause of the damages.

■■ As appellant correctly points out the rule of strict liability is not only applied to manufacturers as in *Suvada v. White Motor Co.,* 32 Ill. 2d 612, 210 N.E.2d 182, but has also been applied to distributors (*Dunham v. Vaughan Bushnell Mfg. Co.,* 86 Ill.App.2d 315, 229 N.E.2d 684),

to retailers (*Vandermark v. Ford Motor Co.*, 61 Cal.2d 256, 391 P.2d 168, 37 Cal. Rptr. 896), and to lessors (*Galluccio v. Hertz Corp.*, 1 Ill.App.3d 272, 274 N.E.2d 178).

■■ In order to resolve the issue we shall begin by examining the reasoning behind the application of strict liability in tort. As stated in *Suvada*, "* * * it seems obvious that public interest in human life and health, the invitations and solicitations to purchase the product and the justice of imposing the loss on the one creating the risk and reaping the profit are present and as compelling in cases involving motor vehicles and other products, where the defective condition makes them unreasonably dangerous to the user, as they are in food cases." (32 Ill.2d 612, 619.) It would be inconsistent with the reasoning for the rule to allow a dealer of gas to escape liability where a defect in a storage tank furnished by the dealer with the gas caused injury or damage. Such a conclusion is not entirely novel, for there is case law involving analogous situations.

In *Pettella v. Corp Brothers Inc.*, 107 R.I. 599, 268 A.2d 699, the Supreme Court of Rhode Isalnd held a dealer in acetylene gas liable for breach of implied warranties where the defect existed in the tank and in spite of the fact that the court conceded that the tank itself was loaned, not sold, to plaintiff. The defendant's rejected contention was that the pertinent provisions of the Sales Act covered only those items actually bought and sold since the only sale was of the acetylene gas and not the cylinder in which it was contained, the warranty provisions of the statute were not applicable to a defect in the cylinder. The court, in holding that a sale of the container was not necessary for a warranty to exist, held it was sufficient to give the warranty if the cylinder was "supplied as part of the contract of sale."

The *Pettella* court conceded there was support in some jurisdictions for the proposition that the statutory section applied only to that which is actually sold and not to the container in which the goods are sold, but cited two cases which in its opinion represented the sounder view. *Vallis v. Canada Dry Ginger Ale, Inc.*, 190 Cal.App.2d 35, 11 Cal. Rptr. 823, and *Hadley v. Hillcrest Dairy Inc.*, 341 Mass. 624, 171 N.E.2d 293.

■■ Since it is undisputed that the tank was supplied by way of a loan to the plaintiff as a necessary incident of periodic sales of gas, we believe it is immaterial whether a formal lease, either oral or in writing, is entered into between the parties. In any event the furnishing of the tank by the defendant and the use thereof by the plaintiff was an incident of the sale of the gas, and the consideration for the sale included the use of the tank.

■■ The principal reason advanced by the defendant and accepted by

the court for the directed verdict was that previously discussed in this opinion. Not only do we hold that the evidence presents a theory of liability, but we also believe the evidence is sufficient to require that disputed facts and disputed inferences be resolved by the jury.

For the foregoing reasons the judgment of the circuit court of Mc-Donough County is reversed and remanded with directions that plaintiff be granted a new trial.

Reversed and remanded with directions.

ALLOY and DIXON, JJ., concur.