BETTY HUTTER, Plaintiff-Appellant, *v.* LEWIS BADALAMENTI, d/b/a Rusty's, Defendant-Appellee.

Fifth District   No. 76-247

Opinion filed April 18, 1977.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellant.

Michael B. Constance, of Brady, Donovan & Hatch, of Belleville, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff, Betty Hutter, filed a three-count complaint in the circut court of Madison County against defendant, Lewis Badalamenti, for damages due to personal injuries. Count I of the complaint is based on a theory of strict liability in tort; count II is based on a breach of implied warranty;

and count III is based on negligence. This appeal is from an order of the trial court dismissing counts I and II of the complaint and finding no just reason for delaying enforcement or appeal of the order. Count III of the complaint charging defendant with negligence is not involved in this appeal.

The facts, as taken from the pleadings, show that defendant operated a lounge and restaurant known as Rusty's which was in the business of selling food and beverages. As part of this business defendant also provided musical entertainment and a dance floor for customers. On the evening of April 18, 1975, the lighting on the dance floor was dim and a liquid substance had accumulated on the floor making it slippery. Plaintiff was injured on that date when she slipped on the liquid substance and fell onto the dance floor.

Plaintiff first contends that her complaint states a cause of action based on strict liability in tort. While she admits for the purposes of this contention that the facts of this case do not involve a product sold by defendant, she argues nonetheless that the application of the principles of strict liability in tort to the facts of the instant case is warranted, predicated upon the same public policy grounds as those underlying *Suvada v. White Motor Co.*, 32 Ill. 2d 612, 210 N.E.2d 182.

■■ In the landmark case of *Suvada*, our supreme court approved the application of strict liability in tort as set forth in Restatement (Second) of Torts § 402A (1965):

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to reach the user or consumer in the condition in which it is sold.

(2) The rule stated in subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." (32 Ill. 2d 612, 621, 210 N.E.2d 182, 187.)

In order to state a cause of action under the doctrine of strict liability, the plaintiff must allege that "[the] injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." 32 Ill. 2d 612, 623, 210 N.E.2d 182, 188; see also *Hepler v. Ford Motor Co.*, 27 Ill. App. 3d 508, 327 N.E.2d 101.

The grounds underlying the imposition of strict liability upon a manufacturer, as stated by *Suvada* are: (1) the public interest in human life and health; (2) the invitations and solicitations of the manufacturer to purchase the product; and (3) the justice of imposing the loss on the manufacturer who created the risk and reaped a profit by placing the product in the stream of commerce. 32 Ill. 2d 612, 619, 210 N.E.2d 182, 186.

In the case at bar, plaintiff argues that these same policy considerations are applicable to the instant case as between herself, as a business invitee, and defendant, as the possessor of the business facility. Particularly she argues that there exists a like interest in human life and health; that defendant invited and solicited her use of the dance floor; and that defendant "created the risk" (presumably by failing to protect her from the alleged defective condition of the dance floor) and he reaped a profit by placing the dance floor "in the stream of commerce."

■■■ The long-settled law relating to defendant's duty to his business visitors presently requires him to exercise reasonable care for his visitor's safety and requires of him to warn the visitor of any defects not readily apparent. This applies not only to known defects but also to those conditions which could have been known had the possessor used reasonable care. (*Blue v. St. Clair Country Club*, 7 Ill. 2d 359, 131 N.E.2d 31; *Beccue v. Rockford Park District*, 94 Ill. App. 2d 179, 236 N.E.2d 105.) The visitor also has a responsibility for his own safety. (*Stambaugh v. Central Illinois Light Co.* 42 Ill. App. 3d 582, 356 N.E.2d 148.) As stated in *Altepeter v. Virgil State Bank*, 345 Ill. App. 585, 104 N.E.2d 334, 340:

> "An owner of property is not an insurer against accidents occurring on the premises of the owner, and an owner's liability to an invitee for injuries not intentionally inflicted must be predicated upon negligence, and no presumption of negligence on the part of the owner arises merely by showing that an injury has been sustained by one rightfully upon the premises."

The Restatement (Second) of Torts § 343 (1965) correctly states the law in Illinois. (*Fancil v. Q. S. E. Foods, Inc.*, 60 Ill. 2d 552, 328 N.E.2d 538.) It provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger."

■■ In the case at bar, plaintiff slipped on a liquid substance and fell onto a dance floor. In her complaint charging strict liability in tort she alleges that her injuries resulted from a defective condition of the dance floor, that the condition was unreasonably dangerous and that the dance floor was under defendant's control at the time of the injuries. One of the basic grounds supporting the imposition of strict liability upon manufacturers in a products liability case, as previously mentioned, is that the loss should be borne by the manufacturer who created the risk when producing the product rather than by the injured party who was powerless to protect himself against the risk. In arguing to extend a strict liability in tort theory in order to encompass the facts of the case at bar, plaintiff would have us presume the defendant's knowledge of the alleged defective condition of his premises and ignore plaintiff's responsibilities for her own safety. No authority is cited for such a presumption and such a presumption is clearly in conflict with the law. Hence, on this basis, we do not find that plaintiff states a cause of action for strict liability.

Plaintiff next alternatively contends that the facts of the case at bar do sufficiently involve the sale of products such as would give rise to a theory of strict liability in tort. Plaintiff urges, citing *Bainter v. Lamoine LP Gas Co.*, 24 Ill. App. 3d 913, 321 N.E.2d 744, that since the dance floor was used by defendant as an inducement for the sale of food and beverages, the dance floor can be properly characterized as a "necessary incident" to the sale of those products.

In *Bainter*, the plaintiff brought an action based on strict liability in tort against a liquid propane gas company for damages caused by a defect in a storage tank used by the defendant to supply gas to the plaintiff. Although the defendant was not in the business of furnishing storage tanks, the court held that it nonetheless may be held liable:

> "Since it is undisputed that the tank was supplied by way of a loan to the plaintiff as a necessary incident of periodic sales of gas, we believe it is immaterial whether a formal lease * * * either oral or in writing, is entered into between the parties. In any event the furnishing of the tank by the defendant and the use thereof by the plaintiff was an incident of the sale of the gas, and the consideration for the sale included the use of the tank." 24 Ill. App. 3d 913, 916, 321 N.E.2d 744, 746.

We find *Bainter* wholly distinguishable from the case at bar. Clearly in *Bainter* the sale of gas was dependent on the use of a container and such a sale without the use of any container would be impractical. To draw a distinction between a product and its container would often entail a metaphysical exercise at best and would not be an accurate reflection of reality in which the two are often an integrated whole. (See Prosser, Torts § 99 (4th ed. 1971).) In the case at bar, however, defendant's sales of food

and beverages was entirely separate and distinct from the entertainment and dance floor he provided as an inducement to customers to enter the establishment. Without the dance floor, the nature of either the food or beverages sold would remain unaffected. Moreover, the sale of food and beverages does not involve the use of the dance floor. Consequently, we find no merit to the plaintiff's contention.

In her brief on appeal, plaintiff raises no argument concerning count II based on an alleged breach of implied warranty, thus for the foregoing reasons we affirm the order of the circuit court of Madison County dismissing counts I and II of plaintiff's complaint.

Affirmed.

JONES and KARNS, JJ., concur.