JAIME LUNA, Plaintiff-Appellant, *v.* ROSSVILLE PACKING COMPANY *et al.*, Defendants-Appellees.

Fourth District   No. 14339

Opinion filed November 10, 1977.

Rick E. Janov, of Manion, Janov & Edgar, Ltd., of Hoopeston, for appellant.

Ralph J. Swanson, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, an employee of Rossville Packing Company, was severely injured when he fell into a conveyor apparatus used in the business. The conveyor was built from scratch in 1947 by Richard and Eugene Schlecht, who at that time were in partnership with their father in the Rossville Packing Company. In 1958, L. H. Schlecht sold his interest to his two sons. In 1964, Richard Schlecht bought out his brother and shortly thereafter incorporated the business under the same name. In exchange for corporation stock, Richard Schlecht transferred all assets of the company, excluding land, building, and fixtures, to the corporation. Richard Schlecht, president of Rossville Packing Company, has orally leased the land, buildings, and fixtures to the corporation every year since 1964. At no time has the corporation, or either of the brothers individually or as partners, engaged in the manufacture of conveyors. The conveyor system in question was the only one ever built by defendants and has always been used in the operation of the plant.

Because of the presence of Workmen's Compensation, the corporation, plaintiff's employer, was dismissed out. Defendants then moved for summary judgment on three theories: (1) The lease of the conveyor system was an isolated act, not properly subject to strict liability; (2) the conveyor was a fixture and real estate is not subject to strict liability; and (3) the cause of action is barred by the statute of limitations. The court granted defendants' summary judgment motion without stating its reasons.

Plaintiff argues that Richard Schlecht's lease of the conveyor to his own corporation was the act which put the product into the stream of commerce and justifies the imposition of strict liability. Defendants concede that the conveyor was a "product" and that whether this case involved a sale or a lease is irrelevant. (See *Galluccio v. Hertz Corp.* (1971), 1 Ill. App. 3d 272, 274 N.E.2d 178.) However, defendants argue that the strict liability does not apply since (1) the conveyor was not in the stream of commerce, and (2) this was an isolated transaction by one not in the business of leasing conveyors.

■■■ In *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, the Illinois Supreme Court adopted the provisions of section 402A of the Restatement (Second) of Torts (1965), which state:

"Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition

unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Comment f of section 402A emphasizes that:

"The rule does not, however, apply to the occasional seller of food or other such products who is not engaged in that activity as a part of his business. Thus it does not apply to the housewife who, on one occasion, sells to her neighbor a jar of jam or a pound of sugar. Nor does it apply to the owner of an automobile who, on one occasion, sells it to his neighbor, or even sells it to a dealer in used cars, and this even though he is fully aware that the dealer plans to resell it."

The plain language of the rule limits its application to a seller engaged in the business of selling the produce which proved to be defective. Comment f to section 402A also stresses:

"This Section is also not intended to apply to sales of the stock of merchants out of the usual course of business, such as execution sales, bankruptcy sales, bulk sales, and the like."

(Accord, Prosser, *The Fall of the Citadel*, 50 Minn. L. Rev. 791, 814 (1966).) Had defendant sold the conveyor and the rest of his business assets to a third party, it would have been a bulk sale, out of the regular course of business, not subject to strict liability. By analogy to the bulk sale situation, the present lease arrangement, essentially a "bulk lease," should not subject defendants to strict liability.

■■ Despite plaintiff's argument, we are not persuaded that defendants here were in the business of leasing conveyors. It is uncontested that this was the only conveyor ever built or leased by defendants in their 30 years in the cannery business. The conveyor was never intended for sale and was never moved from the spot on which it was constructed. With this background, we find that the lease in the instant case was an isolated transaction and therefore not within the provisions of section 402A. *Siemen v. Alden* (1975), 34 Ill. App. 3d 961, 341 N.E.2d 713; *Balido v. Improved Machinery, Inc.* (1973), 29 Cal. App. 3d 633, 105 Cal. Rptr. 890.

*Bainter v. Lamoine LP Gas Co.* (1974), 24 Ill. App. 3d 913, 321 N.E.2d 744, cited by the plaintiff, is not in point. There defendant was in the business of selling propane and "the furnishing of the tank by the defendant and the use thereof by the plaintiff was an incident of the sale of the gas, and the consideration for the sale included the use of the tank." (24 Ill. App. 3d 913, 916, 321 N.E.2d 744, 746.) Here, unlike in *Bainter*, the lease of the conveyor is not incident to a sale. Nor is *Galluccio* in point. The rental of cars is the very essence of Hertz' business and not an isolated transaction such as is the case here.

Since we affirm the trial court's decision on the basis that this was an isolated transaction by one not in the business of selling conveyors, we deem it unnecessary to consider defendants' other theories in support of the judgment.

Furthermore, we emphasize that this lease was the equivalent of a sale and that this conveyor was a "product." Defendants conceded those issues. The lease here, however, is an isolated transaction out of the regular course of business, not within the purview of the strict liability doctrine.

For the foregoing reasons, the judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.