Frank C. HANSON, an Illinois resident, and Jose Herrera, an Illinois resident, Plaintiffs,

v.

ELLIOTT EQUIPMENT COMPANY, an Iowa corporation, Defendant.

Civ. A. No. 87–4013.

United States District Court, C.D. Illinois, Rock Island Division.

April 26, 1988.

Candy K. Pasternak, Snyder Y. Schwarz, P.C., Rock Island, for plaintiffs.

John V. Patton, Bozeman, Neighbour, Patton & Noe, Moline, for defendant.

PROPOSED FINDINGS, CONCLUSIONS OF LAW, AND ORDER

MIHM, District Judge.

This cause coming on for hearing on Defendant's Motion to Dismiss Counts I and III of Plaintiffs' Amended Complaint, Plaintiffs present by Attorney Candy K. Pastrnak, and Defendant present by Attor-

ney John V. Patton, and the Court having heard the arguments of counsel and being fully advised in the premises,

The Court hereby makes the following findings:

1. Counts I and III of Plaintiffs' Amended Complaint seek recovery against the Defendant based on the allegations that Defendant had been engaged to repair the sewer jetter pressure system as described in the Amended Complaint, and said repairs were improper and insufficient for use in a high pressure water pump system.

2. Counts I and III also contained allegations that said repairs resulted in the unreasonably dangerous condition of the sewer jetter when it left Defendant's possession and control.

3. Counts I and III clearly rest on the theory of strict liability.

4. The collective act of repair to the sewer jetter pressure system can be considered a product for purposes of stating a claim under strict liability.

## CONCLUSIONS OF LAW

In ruling on a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6), the well-established rule is that the Court assumes that the facts alleged in complaint are true and cannot grant the motion unless it appears beyond doubt that plaintiffs can recover on no set of facts consistent with their allegations. *Bilka v. Pepe's, Inc.*, 601 F.Supp. 1254 (D.Ill.1985). See also, *Altman v. Hurst*, 734 F.2d 1240 (7th Cir.1984). It is also established that the test of dismissal for failure to state a claim is whether the allegations in plaintiffs' pleadings, construed in the light most favorable to plaintiffs, can reasonably be said to warrant relief on any theory of law. *Scoma v. Chicago Board of Education*, 391 F.Supp. 452 (D.Ill.1974).

The question presented to this Court is whether service provided by Defendant herein can constitute a product which would be subject of claim in strict liability. This Court holds that such service, in cer-

tain instances, can serve as the basis for a cause of action in strict liability. This Court further holds that Plaintiffs have, in Counts I and III of their Amended Complaint, pled allegations sufficient to state claims under such a theory.

Although relatively little case law exists regarding the question presented, Illinois courts have held that repairmen, or those who provide services, may be liable under the strict liability theory. In *Nowakowski v. Hoppe Tire Co.*, 39 Ill.App.3d 155, 349 N.E.2d 578 (1st Dist.1976), the First District Appellate Court recognized and held that a supplier who places a defective product in the stream of commerce incident to his regular course of business may be held liable under a theory of strict liability. *Id* 349 N.E.2d at 585 citing *Bainter v. Lamoine L.P. Gas Co.*, 24 Ill.App.3d 913, 321 N.E.2d 744 (1974). The *Nowakowski* Court went on to note that, "[f]ormal sale of the defective product is not necessary in order for the doctrine (strict liability) to apply." *Id.* While not directly on point, *Woodrick v. Smith Gas Service, Inc.*, 87 Ill.App.2d 88, 230 N.E.2d 508 (2nd Dist.1967) presents a case where the Court noted that the jury could properly find that installation of a product, rather than the product itself, could be a cause of an unreasonably dangerous condition and as a result held only the installer, and not the manufacturer of the product, liable.

Dicta in *Keen v. Dominick's Finer Foods, Inc.*, 49 Ill.App.3d 480, 7 Ill.Dec. 341, 364 N.E.2d 502 (1st Dist.1977), confirms that "liability (in a strict liability claim) does not depend upon whether there was an actual sales transaction, it is necessary that the party to be charged with liability be in the business of placing the allegedly defective product into the stream of commerce. Accordingly, it becomes apparent that the cornerstone of liability rests upon the defendant's active participation in placing the product into commerce for use and consumption by others". Similarly, in *Chicago Heights Venture v. Dynamit Nobel of America*, 575 F.Supp. 214 (D.Ill.1983), the U.S. District Court for the Northern District of Illinois noted that,

"[i]n determining whether a particular item is a product, for purposes of products liability action, various policy reasons underlying strict products liability must be considered, rather than simply examining the dictionary definition of the term 'product'." Finally, in *Eiler v. Kenneth Jamison & Sons, Inc.*, 8 Ill.App.3d 889, 290 N.E.2d 322 (5th Dist.1972) the Court dismissed a strict liability count noting plaintiff's failure to plead that defendant was negligent in any manner in the performance of its work and that plaintiff's injuries were caused by any defect in any work or material supplied by the defendant.

The case at hand does not present such a problem. Plaintiffs have, in fact, pled facts sufficient to support a cause of action in strict liability. Construing the allegations of Counts I and III in Plaintiffs' favor, as is the standard on Defendant's Motion to Dismiss, the Plaintiffs have pled the necessary elements for a cause of action in strict liability. Defendant was hired to provide repair to a certain sewer jetter pressure system to Plaintiffs. Pursuant to its regular course of business, Defendant provided such repair. Defendant's product, i.e., repair, was alleged to be insufficient and improper for use in a high pressure water pump system. The Plaintiffs have further alleged that said product, i.e., repair, was in an unreasonably dangerous condition when it left Defendant's possession and control. Plaintiffs have also followed through with the necessary causation allegations. The allegations support the theory that the Defendant placed a product into the stream of commerce for which Defendant should bear responsibility. Defendant's Motion to Dismiss should be denied.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss be, and is hereby denied, with Defendant having 21 days to file its Answers to Count I and III of Plaintiffs' Amended Complaint.