**In re REINFORCED EARTH, CO., and others—La Colina and Oasis Gardens Litigation.**

**Civil No. 93–1874 (DRD).**

United States District Court, D. Puerto Rico.

April 17, 1996.

See also 889 F.Supp. 530.

---

Harvey B. Nachman, Nachman, Santiago, Bray, Guillemard & Carrion, Santurce, PR, for Carmelo Lartigue–Henriquez, Myrna Castro–De Lartigue, Conjugal Partnership Lartigue–Castro, Myrta M. Avila, Carlos Rodriguez–Santiago, Elis Ana Gonzalez, C/P Rodriguez–Gonzal, Roger V. Wall, Dulce G. Santiago–Vela, C/P Wall–Santiago, Edgardo N. Bermudez, Miriam Gonzalez–De–Bermudez, C/P Bermudez–Gonzale, Eloy Gomez, Jr., Aida Gomez, Conjugal Partnership Gomez–Gomez, Hector M. Osorio–Yera, Lydia Lartigue–De–Osorio, Conjugal Partnership Osorio–Lartigue, Carmen G. Caldero–Santiago, Oscar Martin–Martin, Conjugal Partnership Martin–Caldero, Gloria Rodriguez–Sanchez, Alfredo J. Bayouth, Lucia Vega–Chavez, C/P Bayouth–Vega.

Eric Perez–Ochoa, Martinez, Odell & Calabria, San Juan, PR, for Fredrick Newman, Carmen Newman, Conjugal Partnership Newman–Newman, Carlos Gonzalez–Aquino, Maria Ines Castro–Ferrer, Conjugal Partnership Gonzalez–Castro, Raul Rios–Mollineda, Mercedes De–Choudens–Vicente, Conjugal Partnership Rios–De–Choudens, Arturo Gigante, Cecil Marques, Conjugal Partnership Gigante–Marques.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Before the court is third party defendant, Geo Consult, Inc.'s "Geo"[1] motion for summary judgment, filed on November 8, 1994, docket 84. On February 2, 1995, defendants/third party plaintiffs Reinforced Earth

---

1. Geo is a professional engineering partnership with its principal place of business in the Commonwealth of Puerto Rico. Co-defendant Jose Hernandez Benitez is an employee of Geo and a resident of the Commonwealth of Puerto Rico.

Because Jose Hernandez Benitez, Roberta Doe, and their conjugal partnership have been included in the Master Third Party Complaint along with Geo, they are hereby, joined in Geo's motion for summary judgement.

Company "RECO" and Lexington Insurance Company "Lexington" filed an opposition to Geo's motion, docket 105.

Both Plaintiffs and Defendants in their motions refer to documents (i.e., contracts, letters, performance reports, etc.) outside the pleadings. Because the court shall consider these supplementary materials, the summary judgment standard is both apposite and opportune. *See Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 19 (1st Cir.1992).[2]

A district court may grant summary judgment when the record documents that possess evidentiary force "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Eileen M. McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313 (1st Cir.1995), *(citing Coyne v. Taber Partners I,* 53 F.3d 454 (1st Cir. 1995)). The intricacies and general standards of Rule 56, have been documented by the First Circuit Court in a "cascade of cases"[3]. "Once a properly documented motion has engaged the gears of Rule 56, the party to whom the motion is directed can shut down the machinery only by showing that a trial worthy issue exists." *Eileen McCarthy,* 56 F.3d at 315 (citing *National Amusements,* 43 F.3d at 735). At this crux, we need say no more than that summary judgment will proceed if the record, even when taken in the aspect most favorable to the nonmoving party, fails to yield a trial worthy issue as to some material fact.[4] *Coyne,* 53 F.3d at 457.

A material fact is one that might affect the outcome of the suit under the governing law. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Medina–Muñoz,* 896 F.2d at 8 (emphasis in original), *quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). *See also Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Hence, in applying these criteria, the Court is to consider that "not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law, if found favorably to the nonmovant, that the materiality hurdle is cleared." *See Wilfredo Martinez v. Rafael Colon,* 54 F.3d 980 (1st Cir.1995), citing *United States v. One Parcel of Real Property,* 960 F.2d at 204.

Consistent with the summary judgment standard, "we canvass the material facts in a

---

**2.** "[T]he test is not whether supplementary materials were filed, but whether the court actually took cognizance of them, or invoked Rule 56, in arriving at its decision". *Id.* at 15.

**3.** *See Coyne v. Taber Partners, Id.; Lydia Libertad v. Father Patrick Welch,* 53 F.3d 428 (1st Cir. 1995); *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Wynne v. Tufts University School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993); *United States v. One Parcel of Real Property (Great Harbor Neck, New Shoreham, R.I.),* 960 F.2d 200, 204 (1st Cir.1992); *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 351–52 (1st Cir.1992); *Griggs–Ryan v. Smith,* 904 F.2d 112, 115–16 (1st Cir.1990); *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 7–8 (1st Cir.1990); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48–49 (1st Cir.1990).

**4.** Essentially, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient **to establish the existence of an element essential to that party's case,** and on which that party will bear the burden of proof at trial." (Emphasis ours) *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver "an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986), (citations omitted). The nonmovant, however, may not rest upon mere denial of the pleadings. Fed.R.Civ.P. 56. *See Richard A. Mottolo and Service Pumping & Drain Co., Inc. v. Fireman's Fund Insurance Company,* 43 F.3d 723 (1st Cir.1995).

light that flatters, but does not impermissibly distort", the nonmoving party's claims, and indulge all inferences in favor of that party[5]. Because in the instant case there are no genuine issues of material fact, what remains to be decided are questions of law.[6]

## I—FACTUAL BACKGROUND

Plaintiffs[7] have brought this action against Reinforced Earth Corporation "RECO", and Lexington Insurance Company "Lexington", for the claimed damages suffered by the residents of Oasis Gardens Urbanization and Extension La Colina in Guaynabo,[8] as a result of the alleged defects in the design, manufacture, installation and/or implementation of an earth retention wall[9] "REW", built by RECO in the La Colina Development, "The Project", in Guaynabo, Puerto Rico. To construct the site and the retention wall for the La Colina development, the developers of La Colina, its engineers, contractors, and subcontractors, purchased the products designed and manufactured by the defendant, RECO. The REW was designed, produced and/or manufactured with products made by RECO. Other parties were contracted to carry out other tasks, including the installation of the retention wall.

On February 10, 1994, docket 68, RECO and Lexington filed a Master Third–Party Complaint. Geo was included as a third party co-defendant for the alleged negligent exercise of its duties, to undertake the proper studies of the condition of the soil and subsoil, as required by the professional standards pertaining to design architects, engineers, and soil examiners. (See docket 68, averments 72, and 73) In the alternative, RECO suggests that if Geo was not negligent, then it is liable to RECO under the theory of implied warranty. The issue to be decided by the court is whether Geo is liable to RECO under the theory of negligence, or under the theory of implied warranty.

## II—DISCUSSION

Third Party Defendant, Geo alleges that it can not be held liable to Third Party Plaintiffs under any of the theories alleged in the third party complaint because it performed its services in a diligent workmanlike manner in full compliance with the terms and conditions of the agreement between the parties.[10] Geo contends that because RECO contracted other professionals to prepare plans, and install the various parts of the project, that it performed an "advisory role" solely as to the correctness of the calculation of the plans.[11] Hence, Geo insists that it can not be held liable for services performed by other profes-

---

5. *See Wilfredo Martinez v. Rafael Colon*, 54 F.3d at 982; *Le Blanc v. Great American Insurance*, 6 F.3d 836, 841 (1st Cir.1993) *cert. denied*, —— U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Richard A. Mottolo and Service Pumping and Drain Co., Inc. v. Fireman's Fund Insurance Co.*, 43 F.3d at 725; *Lydia Libertad v. Father Patrick Welch*, 53 F.3d 428 (1st Cir.1995).

6. In order for a court to grant summary judgment, the only issues to be decided by such a motion are issues of law. 10 A Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 2725. *See Eileen M. McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313 (1st Cir.1995).

7. Plaintiffs are the home owners and residents of Oasis Gardens Urbanization and Extension La Colina in Guaynabo, Puerto Rico.

8. La Colina is a development of private homes built on an elevated area of land which borders Oasis Gardens Urbanization. These developments are separated by a side slope ("talud") which runs from La Colina down to Oasis Gardens.

9. It is alleged that on or about July 22, 1992, the REW (or its components) collapsed, causing the earth it was supposed to retain, to subside, fall, and/or settle.

10. Geo Consult states that:

I) it can not be held liable for services and contracted with and rendered by others;
II) that it was not negligent in the performance of its duties;
III) and that because it was not contracted to participate in the manufacture, design, and/or construction of the REW, it cannot be held strictly liable to Third Party Plaintiffs under the theory of implied warranty for any defects in the REW. (See Motion for Summary Judgment, p. 14).

11. Geo further states that because the documents submitted were mathematically correct they were approved by RECO. (See docket 84, exhibits 2 and 3). Moreover, Geo declares that it "went beyond its duty and informed RECO that the design exceeded the soil bearing capacity values recommended by Soil Tech." (See docket 84, p. 9)

sionals who were contracted to render the design, testing and assembly of the project. Finally, Geo asserts that the alleged correctness of the mathematical computations, which have not been questioned by RECO, attests to its diligent performance, and provides sufficient evidence to warrant dismissal of RECO's claims against Geo. The court agrees.

It remains undisputed that RECO contracted Geo's services for the single purpose of reviewing, sealing and signing the design calculations and construction plans made by RECO in its design of the REW. (See docket 84, exhibits 1 and 3, and docket 105, p. 4) RECO's inclusion of Geo in the third party complaint is predicated on Geo's advisory role as to the mathematical correctness of the calculations of the plans.

In essence, RECO's opposition to the summary judgment request is based on its contention that: "In so far as RECO relied on the advisory opinion rendered by Geo Consult and plaintiff proves that said calculations, were incorrect, Geo will be liable to RECO for any deviation in their performance from that of a professional and workmanlike one." Hence, should plaintiffs prosper in their allegations that RECO was in fact negligent, and said negligence is based upon the advisory role carried out by Geo, then they would be responsible to RECO for said actions. (See docket 105, p. 7)

In our jurisdiction [12] the right to recover damages is governed by Civil Law provi-

sions.[13] The general source of law governing liability for negligence is Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.[14] Hence, we shall veer to Puerto Rico Law and the applicable civil doctrine in solving the remaining pending matters.

### A—Was Geo negligent in the performance of its services, and hence, liable to RECO under the theory of negligence?

▮▮▮ Negligence has been defined by the Commonwealth Courts as the failure to exercise due diligence to avoid foreseeable risks. *See Jimenez v. Peregrina,* 112 P.R.Dec. 700 (1982). In the instant case, RECO states that Geo was negligent in the exercise of its duty to provide specific services (Master Third Party Complaint, averment 72), for failing to undertake the proper studies of the conditions of the soil and subsoil at the La Colina project, as required by the professional standards pertaining to design architects, engineers, and soil examiners (Master Third Party Complaint, averment 73). The court disagrees. To recover on a theory of negligence, Third Party Plaintiffs must show that Geo's negligent acts or omissions caused them injuries.[15]

Geo reviewed the design calculations and construction plans submitted by RECO, and in so doing Geo informed RECO that it assumed that the soil reports prepared by Soil Tech and the topographic plans provided by Lebron Associates correctly and adequately

12. A federal court sitting in a diversity case must apply the choice of law rules of the forum state. *See Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Puerto Rico applies the law of the place wherein the tort occurred, or the *lex delicti. See Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc.,* 806 F.2d 1128 (1st Cir.1986); *Jimenez v. American Airlines, Inc.,* 579 F.Supp. 631, 632 n. 1 (P.R.Dec.1983).

13. The applicable law defining the standard of fault and recovery is the law of the Commonwealth of Puerto Rico. *See Richards v. United States,* 369 U.S. 1, 15, 82 S.Ct. 585, 594, 7 L.Ed.2d 492 (1962); *In re N–500L Cases,* 691 F.2d 15, 27 (1st Cir.1982).

14. *See Valle v. Amer. Inter. Ins. Co.,* 108 P.R.Dec. 692 (1979); *Gierbolini v. Employers Fire Ins. Co.,* 104 P.R.Dec. 853 (1976); *Santiago v. Group Brasil, Inc.,* 830 F.2d 413, 414 (1st Cir.1987); and *In re San Juan Dupont Plaza Hotel Fire Litigation,* 687 F.Supp. 716, 726 (P.R.Dec.1988).

15. In order for a negligence cause of action to succeed under Puerto Rican Law, a plaintiff must prove 1) the existence of real damages; 2) a causal link between the damages suffered and the act or omission and 3) the act or omission must be by fault or negligence. *See Bonilla v. Chardon,* 118 P.R.Dec. 599 (1987), and *Sociedad de Gananciales v. G. Padin,* 117 P.R.Dec. 94 (1987). See also *Tokio Marine & Fire Ins. Co. v. Grove Mfg. Co.,* 958 F.2d 1169, 1171 (1st Cir. 1992); *Coyne v. Taber Partners I,* 53 F.3d 454 (1st Cir.1995).

represented the conditions of the site.[16] The inquiry stops here. Geo was not contracted to prepare plans, install, or assemble any part of the project, but to review, seal, and sign documents submitted by RECO in an advisory manner, which concluded in the determination that the submitted documents were correct. (See docket 84, Exhibits 2 and 3) Once Geo reviewed the documents and found them to be correct, its participation in the project ceased.

 Hence, Geo cannot be held liable[17] for the quality of services performed or rendered by other professionals,[18] who were contracted to design, test, and assemble the project. In fact, to date no allegation has been made to suggest that Geo's calculations were not correct, or negligently executed.

For the reasons stated hereinabove, it is clear that if a failure occurred in the reinforced wall, it was for reasons beyond Geo's scope of contracted work. Hence, the Court finds that Geo was not negligent in the exercise, performance, or quality of its services, and is therefore not liable to RECO under the theory of negligence.

## B—Is Geo liable under the theory of implied warranty?

 The theory of implied warranty of liability evolved from the common law doctrine of product liability.[19] The Supreme Court of Puerto Rico adopted the doctrine of product liability from the common law in the case of *Mendoza v. Cerveceria Corona,* 97 P.R.Dec. 493 (1960).[20]

 Specifically, the Puerto Civil Code (1930) Article 1802, 31 L.P.R.A. § 5141 makes persons responsible for the damages caused by their negligence. Under this section the Supreme Court of Puerto Rico has developed a strict liability standard[21] for manufacturers of defective products.[22]

 In the instant case the doctrine of implied warranty does not apply to Geo because the services[23] it rendered are not a

16. Geo further informed that it did not visit the site nor conduct further investigations or analysis.

17. A defendant is liable only if his/her negligence was the proximate cause of the damages, even if it is not the only cause, and it was foreseeable that said conduct could cause harm. *See Tokio Marine & Fire Ins. Co.,* 958 F.2d 1169, 1171 (1st Cir.1992); *Malave–Felix v. Volvo Car Corp.,* 946 F.2d 967 (1st Cir.1991); *Richards v. United States,* 369 U.S. 1, 15, 82 S.Ct. 585, 594, 7 L.Ed.2d 492 (1962).

18. As a general rule, a person is liable only for his/her own acts or omissions and only by exception is a person liable for the acts or omissions of others. Only when clearly specified in the law can liability for the acts or omissions of others be enforced against a third party. *See Burgos–Oquendo v. Caribbean Gulf Refining Corp.,* 741 F.Supp. 330, 332–33 (P.R.Dec.1990), (citing *Velez v. Llavina,* 18 P.R.R. 634 (1912)).

19. *See Deville Furniture Co. v. Jesco, Inc.,* 697 F.2d 609, 612 (5th Cir.1983), (*citing Coca–Cola Bottling Works v. Lyons,* 145 Miss. 876, 111 So. 305 (1927)).

20. A manufacturer is liable in tort on a theory of strict liability when it places a product on the market, knowing that it is to be used without inspection for defects, and it has a defect that causes injuries. *See Montero Saldaña v. American Motors Corp.,* 107 P.R.Dec. 452 (1978); *Ma-*

*lave–Felix v. Volvo Car Corp.,* 946 F.2d 967, 971 (1st Cir.1991).

21. The Supreme Court of Puerto Rico has made clear that the Common Law of the United States is not controlling, when filling gaps in the Civil Law system. *See Valle,* 108 P.R.Dec. 692, 696–697 (1979). At the same time however, when faced with a lack of authority, it may be appropriate to search for relevant principles in the Common law system. *Id.* The Supreme Court has freely taken from Common Law decisions in developing the concept of strict liability. *See Mendoza v. Cerveceria Corona, Inc.* 97 P.R.Dec. 499 (1969); *Apolinar Montero Saldaña v. American Motors Corp.,* 107 P.R.Dec. 452 (1978).

22. *See Guevara v. Dorsey Laboratories,* 845 F.2d 364, 365 (1st Cir.1988). Manufacturers are held responsible, regardless of fault, when a defective product they produce causes a harm.

23. Professional services do not ordinarily lend themselves to tort liability without fault. Those who sell their services for the guidance of others in their economic, financial and personal affairs are not liable in the absence of negligence or intentional misconduct. Those who hire a professional for his/her services are not justified in expecting infallibility but can expect only reasonable care and competence. Services are purchased not insurance. The only claim that can be made is that the professional was negligent in failing to perform services with due care. *See La Rossa v. Scientific Design Co.,* 402 F.2d 937 (3d Cir.1968).

"product" as such to which the doctrine of implied warranty applies.[24]

■■■ A contractor may be strictly liable under implied warranty where it has assembled the product or has released a product into the stream of commerce.[25] However, no express warranty exists where a party has issued a report and was consulted as to said report but not as to the final product. *See Swett v. Gribaldo,* 40 Cal.App.3d 573, 115 Cal.Rptr. 99 (1974). Furthermore, strict liability does not apply where a defendant was employed in an advisory capacity, was paid by the hour, had no interest in the property, and did not participate in the project. *Id.*

Geo was not directly involved with the final product (i.e. the REW) so as to have the doctrine of implied warranty apply to it. Geo was contracted to review, seal, and sign documents. Because Geo was not directly involved in the manufacture of the REW, it cannot be held responsible for "implicitly guaranteeing the wholesomeness of the product," or anything involving the product under an implied warranty doctrine.

The affidavit and documents clearly show that Geo was not negligent in the performance of its duties. Geo's calculations were correct, and have not been disputed. Furthermore, because Geo did not participate in the manufacture, design, and/or construction of the REW, it can not be held liable for services contracted with and rendered by others, and is not strictly liable for any defects in the REW.

## III—CONCLUSION

When analyzing a motion for summary judgment, the court must look at the record ... in the light most favorable to the party opposing the motion. *See Daury v. Smith,* 842 F.2d 9, 11 (1st Cir.1988). However, the opposing party can not defeat a motion for summary judgment by relying solely on his allegations particularly once they are contradicted by the evidence introduced by the motion. *See Perez de la Cruz v. Crowley Towing and Transp. Co.,* 807 F.2d 1084, 1086 (1st Cir.1986). A party opposing summary judgment must present definite competent evidence to rebut the motion. *See Manuel Maldonado Denis v. Reinaldo Castillo,* 23 F.3d 576 (1st Cir.1994).

Summary judgment motions must be decided on the record as it stands. That is, neither "conclusory allegations, improbable inferences, and unsupported speculation," *Medina Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, nor "[b]rash conjectures coupled with earnest hope that something concrete will materialize, is ... sufficient to block summary judgment." *See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir.1996), (*citing Dow v. United Bd. of Carpenters and Joiners of America,* 1 F.3d 56, 58 (1st Cir.1993)).

Accordingly, the Court, upon due deliberation, having found that there are no genuine issues of material fact, and that RECO fails to state a cognizable claim against Geo Consult, Inc., hereby **grants** Third Party Defendant, Geo Consult, Inc.'s, motion for summary judgment.

**WHEREFORE,** the Court hereby **dismisses with prejudice** Third Party Plaintiffs' claims as against third party co-defendants Geo Consult, Inc., its employee Jose Hernandez Benitez, his wife Roberta Roe, and their conjugal partnership.

**IT IS SO ORDERED.**

---

**24.** Although there has been some debate as to what constitutes a product, *Schipper v. Levitt & Sons, Inc.,* 44 N.J. 70, 207 A.2d 314 (1965); *Bainter v. Lamoine LP Gas Co.,* 24 Ill.App.3d 913, 321 N.E.2d 744 (1974); *Shaffer v. Victoria Station, Inc.,* 588 P.2d 233 (Wash.1978); there is no doubt that the concept *does not* include services. (Emphasis ours) *See Hoover v. Montgomery Ward & Co., Inc.,* 270 Or. 498, 528 P.2d 76 (1974); *Hinojasa v. Automatic Elevator Co.,* 92 Ill.App.3d 351, 48 Ill.Dec. 150, 416 N.E.2d 45 (1 Dist.1980).

**25.** *See* Am.Law Prod.Liab.3d § 37.10, (*citing Boddie v. Litton Unit Handling Systems,* 118 Ill. App.3d 520, 74 Ill.Dec. 112, 455 N.E.2d 142 (1983)); *Fenton Area Public Schools v. Sorensen–Gross Construction Co.,* 124 Mich.App. 631, 335 N.W.2d 221 (1983); *Niffenegger v. Lakeland Const.,* 95 Ill.App.3d 420, 50 Ill.Dec. 945, 420 N.E.2d 262 (1981).